UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

          Plaintiff,

-v-

No. 04 Civ. 2409 (LTS)

TEAMSTERS LOCAL 804,

          Defendant.

MEMORANDUM ORDER

ORIGINAL

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 01/09/06

In a letter dated December 6, 2005, Plaintiff requests that the undersigned set aside or modify a November 28, 2005 order issued by Magistrate Judge Frank Maas in the above-referenced case. The Court is also in receipt of Defendant's response, dated December 13, 2005. After carefully reviewing the parties' written submissions, the Court denies Plaintiff's request in its entirety.

Pursuant to 28 U.S.C.A. § 636(b)(1)(A) (West 2005), "[a] judge of the court may reconsider any [non-dispositive] pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." Id. Following a party's objection to a magistrate's order, "[t]he district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). A magistrate judge's order is "clearly erroneous" where "'on the entire evidence,' the [district court] is 'left with the definite and firm conviction that a mistake has been committed.'" Easley v. Cromartie, 532 U.S. 234, 243 (2001) (quoting United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948)).

Further, the clearly erroneous standard of review is "highly deferential[, and] ... magistrate judges are afforded broad discretion in resolving non-dispositive disputes and reversal is appropriate only if their discretion is abused." Derthick v. Bassett-Walker, Inc., Nos. 90 Civ. 5427(JMC), 90 Civ. 7479(JMC), & 90 Civ. 3845(JMC), 1992 WL 249951, at *8 (S.D.N.Y. Sept. 23, 1992).

Here, the Court does not find that Magistrate Judge Maas' decision to direct Plaintiff to produce certain documents withheld during discovery was clearly erroneous or contrary to law. Judge Maas correctly noted that a party seeking to invoke the governmental deliberative process privilege must produce an affidavit from the agency head. See EEOC v. American In'tl Group, Inc., No. 93 Civ. 6390 (PKL) 1994 WL 376052, at *2 (S.D.N.Y. July 18, 1994). His order found that Plaintiff did not provide the required information. The record indicates that Plaintiff provided this information only subsequent to Judge Maas' November 28, 2005 order. Accordingly, the Court finds no basis to disturb Judge Maas' findings with regard to production of the relevant documents. Plaintiff's motion is therefore denied in its entirety.

SO ORDERED.

Dated: New York, New York
January 6, 2006

Copies mailed to plf, pc, mj 1/6/06
Chambers of Judge Swain

LAURA TAYLOR SWAIN
United States District Judge